### SHAW v. LINDSTROM et al.
### No. 5220.

Circuit Court of Appeals, Third Circuit.
May 31, 1934.

Jacob S. Karkus, of Perth Amboy, N. J., for appellant.

Walter G. Winne and Winne & Banta, all of Hackensack, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiff, a citizen of New York State, brought suit against four citizens of New Jersey to recover damages for false arrest and imprisonment. In pursuance of the practice prevailing in said court, the defendants moved to dismiss the case on the ground that the complaint "fails to state a cause of action against any of said defendants." On hearing, the court so ordered, whereupon the plaintiff took this appeal.

From the complaint it appears that on May 22, 1932, Coombs, one of the defendants, made complaint to the First criminal judicial district court of the county of Bergen, charging the plaintiff with violation of a statute of New Jersey entitled "An Act concerning disorderly persons," in that "at the time and place aforesaid the said Fred L. Shaw did wander abroad in the open air and alleging that thereby the said Fred L. Shaw is a disorderly person." It further alleges that in pursuance of said complaint a judge of said court issued a warrant, on which plaintiff was arrested and, in default of bail, was imprisoned until his trial. That at such trial testimony was heard and the plaintiff convicted. That subsequently this conviction was reviewed and reversed by an appellate court of the state.

In the complaint there is no charge of any unfairness or impropriety of any kind on the part of the judge. There is no averment that the plaintiff was prevented from having a fair trial or that the testimony given at the trial was perjured, untrue, or improperly procured, and it is not alleged that any of the defendants were present or testified at the trial. Indeed, beyond the statement that Coombs had the warrant issued, the only alleged connection of the defendants with the case is the allegation "that between the first day of April, 1932 and the twenty-second day of May, 1932, defendants wilfully, knowingly and illegally contemplated, intended, designed, planned and conspired together that Scott D. Coombs, one of them, should thereafter file a complaint and have a warrant issued, charging the said plaintiff with being a disorderly person, and to have the said plaintiff imprisoned so that plaintiff could not go from house to house in the Borough of Bergenfield for the purpose of carrying on religious instruction and preaching Bible truths." It will thus be seen there is an entire absence of any allegation of fraud, perjury, or of such acts as to have been adjudged sufficient to deprive the judgment of conviction constituting probable cause even though afterwards reversed. Showing that no error was committed by the judge below in dismissing the complaint, it suffices to refer to Crescent City Live-Stock Co. v. Butchers' Union, 120 U. S. 141, page 159, 7 S. Ct. 472, 481, 30 L. Ed. 614, where it was held: "But the rule in question, which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject-matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, was not established out of any special regard to the person of the party. As we have already seen, it will avail him as a complete defense in an action for a malicious prosecution, although it may appear that he brought his suit maliciously, for the mere purpose of vexing, harassing, and injuring his adversary. The rule is founded on deeper grounds of public policy, in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them. The rule, therefore, has respect to the court and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force. It is equally true and equally well settled in the foundations of the law that neither misconduct nor demerit can be imputed to the court itself. It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly. The record of its proceedings imports verity; its judgments cannot be impugned except by direct process from superior authority. The integrity and value of the judicial system, as an institution for the administration of public and private justice, rests largely upon this wholesome principle."

The decree below is affirmed.